FILED
Scott L. Poff, Clerk
United States District Court

By casbell at 10:14 am, Mar 23, 2017

# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| YVES SANTAIS, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:16-cv-80 |
| v. | * | |
| CORRECTIONS CORPORATION OF AMERICA, et al., | * | |
| Defendant. | * | |

## ORDER

Presently before the Court are Plaintiff's Objections, dkt. no. 25, to the Magistrate Judge's Report and Recommendation dated January 30, 2017, dkt. no. 20. After an independent and *de novo* review of the entire record, the Court **SUSTAINS in part** and **OVERRULES in part** Plaintiff's Objections, and **ADOPTS** the Report and Recommendation, as amended herein, as the opinion of the Court.

## BACKGROUND

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement while housed at Coffee Correctional Facility in Nicholls, Georgia. Dkt. No. 1. In his Complaint, Plaintiff alleges that Defendant

Officer Jones discharged pepper spray in the cafeteria of Coffee Correctional Facility and then blocked over 25 prisoners, including Plaintiff, from exiting the cafeteria. Id. at p. 6. Plaintiff alleges that, as a result of his exposure to pepper spray, his immune system was "impacted," and he suffered chest pain and coughed up blood. Id.

In the Report and Recommendation, the Magistrate Judge recommended that the Court dismiss all of Plaintiff's claims against Defendants Corrections Corporation of America, ("CCA"), Coffee Correctional Facility, and Warden Hilton Hall, as well as Plaintiff's claims for compensatory and punitive damages and his deliberate indifference claims. Dkt. No. 20, p. 1. The Magistrate Judge further recommended the Court deny Plaintiff's Motion for Preliminary Injunction. Id. However, the Magistrate Judge recommended that Plaintiff's Eighth Amendment excessive force claim against Defendant Jones proceed. Id. Plaintiff filed Objections to the Report and Recommendation on February 13, 2017, dkt. no. 25.

## DISCUSSION

In his Objections, Plaintiff contends the Court should reject the Magistrate Judge's recommendation that the Court dismiss Plaintiff's claims for compensatory and punitive damages. Plaintiff alleges he suffered more than "*de minimis*" injury as a result of Defendant Jones' actions and that he is,

2

therefore, entitled to compensatory and punitive damages. Id. at p. 4. Plaintiff's Objection clarifies that, following Plaintiff's exposure to pepper spray, "something not normal appeared on [his] left side, and he continue[s] to cough[ ] blood 2 or 3 times [per] week." Id. at pp. 4-5. Accordingly, Plaintiff contends he has suffered "lasting effects" as a result of his exposure to pepper spray, contrary to the Magistrate Judge's findings.

As the Magistrate Judge noted in the Report and Recommendation, "[i]n order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). Several courts have held that the typical effects associated with pepper spray, such as temporary burning of the skin and difficulty breathing, are not sufficient to satisfy Section 1997(e)'s physical injury requirement. See, e.g., Jennings v. Mitchell, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that prisoner who suffered the discomfort of pepper spray had shown only *de minimis* injury, insufficient to satisfy § 1997e(e)); Kirkland v. Everglades Corr. Inst., No. 12-22302-CIV, 2014 WL 1333212, at *6 (S.D. Fla. Mar. 31, 2014) ("If [plaintiff] experienced temporary chemical burns and minor respiratory problems from exposure to a chemical

3

agent, he then sustained only minor, physical injuries from the chemical spray."); Magwood v. Tucker, No. 3:12cv140/RV/CJK, 2012 WL 5944686, at *5 (N.D. Fla. Nov. 14, 2012) (prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent where he alleged he suffered bloody nose and bloody phlegm); Osterback v. Ingram, No. 3:96cv580/LAC/SMN, 2000 WL 297840, at *10 (N.D. Fla. Jan.12, 2000) (plaintiff unable to recover compensatory or punitive damages with respect to injuries caused by placement in disciplinary confinement or close management, pursuant to § 1997e(e), where plaintiff's physical injuries, including "extreme pain and suffering from being exposed to residual chemical fumes" which caused him to suffer a "serious, debilitating sinus condition," and "overall loss of muscle tone, a gaining of body fat, a loss of cardiovascular and pulmonary health, developed skin and scalp conditions, . . . migraine headaches, bouts of sleeplessness and listless[ness], among other things," were not more than *de minimis*).

In Plaintiff's Objections, he alleges far more significant injuries than in his original Complaint. Specifically, he claims that he developed an abnormality on his left side, and that he has coughed up blood two to three times per week. Dkt. No. 25, p. 5. He contends that he continues to experience these symptoms as of February 13, 2017, months after Jones sprayed him

4

with pepper spray on April 7, 2016. Id. Accepting Plaintiff's claims as true, he has now alleged more than *de minimis* injuries. See Stephenson v. Ellis, No. 3:11cv455-RV/CJK, 2016 WL 3900780, at *4 (N.D. Fla. May 31, 2016) (finding that Plaintiff suffered more than *de minimis* injury following his exposure to chemical agents because he continued to experience symptoms two weeks later); Watson v. Edelen, 76 F. Supp. 3d 1332, 1362, 1378-79 (N.D. Fla. 2015) (finding that Plaintiff suffered more than *de minimis* injury based upon evidence that he suffered "a burning sensation for at least one week" following his exposure to pepper spray); cf. Chaney v. Hassett, No. 3:11cv801-J-32JBT, 2014 WL 1364639, at *1, 5 (M.D. Fla. Apr. 7, 2014) (prisoner's allegation that he suffered physical pain, difficulty breathing, and burning of the eyes and skin for approximately 45 to 50 minutes was *de minimis* injury). Therefore, the Court **SUSTAINS** this portion of Plaintiff's Objections, and his claims for compensatory and punitive damages will proceed against Defendant Jones.

Plaintiff's remaining objections concern the Magistrate Judge's recommendation that the Court dismiss Plaintiff's supervisory liability claims against Defendant Hall and the Magistrate Judge's denial of Plaintiff's Motion for Production, dkt. no. 12. For the reasons stated in the Report and Recommendation, the Court **OVERRULES** these objections.

5

## CONCLUSION

For the reasons discussed above, the Court **SUSTAINS in part** and **OVERRULES in part** Plaintiff's Objections, dkt. no. 25, and **ADOPTS** the Magistrate Judge's Report and Recommendation, as amended herein, as the opinion of the Court. The Court **DISMISSES** Plaintiff's claims against Defendants Corrections Corporation of America, ("CCA"), Coffee Correctional Facility, and Warden Hilton Hall, as well as Plaintiff's deliberate indifference claims. The Court **DENIES** Plaintiff's Motion for Preliminary Injunction.

However, Plaintiff's Eighth Amendment claims for excessive force against Defendant Jones, including his claims for compensatory and punitive damages, shall proceed.

**SO ORDERED**, this 23 day of March, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)