# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

YVES SANTAIS,

    Plaintiff,

v.

OFFICER JONES,

    Defendant.

CIVIL ACTION NO.: 5:16-cv-80

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Compel Discovery, (doc. 31), Motion to Appoint Counsel, (doc. 32), and Motion for Preliminary Injunction for Law Library Access Time,[1] (doc. 38). Defendant filed Responses opposing Plaintiff's Motions to Compel and to Appoint Counsel. (Docs. 34, 35.) Plaintiff filed a Reply regarding his Motion to Appoint Counsel. (Doc. 36.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motions to Compel Discovery and to Appoint Counsel. (Docs. 31, 32.) Further, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction for Law Library Access Time. (Doc. 38.) Additionally, the Court gives instructions to Defendant regarding Plaintiff's motion for the return of his law library access time.

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). The Court construes Plaintiff's "Motion for Court Order [for] Prison Officials of Coffee Correctional Facility Through Defendant Jones to Give Back to the Plaintiff His Law Library Time they Threw Off, (doc. 38), as a motion for preliminary injunction.

**BACKGROUND**

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia, filed this action, *pro se*, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) After frivolity review, Plaintiff's surviving Eighth Amendment claims were limited to those against the above-named Defendant in his individual capacity for compensatory and punitive damages under Section 1983, as well as injunctive relief. (Docs. 20, 27.) On October 5, 2016, Defendant filed a Motion for Summary Judgment contending the undisputed facts show he did not use excessive force in violation of the Eighth Amendment and Plaintiff is not entitled to an injunction, and that Motion remains pending. (Doc. 28.) Plaintiff filed a Response. (Doc. 30.) Subsequently, Plaintiff filed his aforementioned Motions to Compel Discovery, to Appoint Counsel, and for Law Library Access Time, (docs. 31, 32, 38), and Defendant filed his Responses in opposition, (docs. 34, 35). Per the Court's Scheduling Notice, discovery closed on June 27, 2017, and the proposed Pretrial Order was submitted on August 25, 2017. (Docs. 24, 33.)

**DISCUSSION**

**I.     Plaintiff's Motion to Compel Discovery (Doc. 31)**

Plaintiff filed a Motion to Compel Discovery, contending Defendant failed to respond to his August 10, 2016 request for production of documents. (Doc. 31, p. 2.) However, Plaintiff does not indicate that he has complied with this Court's Local Rule 26.5. Plaintiff does not provide any specific grounds he has for filing the Motion, much less reasons to support those grounds. Additionally, Plaintiff provides no certification to show that he has in good faith conferred or attempted to confer with the person or party that allegedly failed to make the disclosure in an effort to obtain a response without Court action. Fed. R. Civ. P. 37(a)(1).

Plaintiff simply states that he "submitted a motion" for various documents but has yet to receive them. (Doc. 31, p. 2.) He provides no evidence of these submissions, and furthermore, he gives no indication that he at all tried to resolve this dispute before coming to Court. In response, Defendant avers that Plaintiff never served any discovery on that date or any other date. (Doc. 34, p. 2.) Defendant supports this claim with two adjoining affidavits. (Id. at pp. 4–6.) Moreover, the Court notes that discovery closed on June 27, 2017. Accordingly, the Court **DENIES** Plaintiff's Motion to Compel.

## II.     Plaintiff's Motion to Appoint Counsel (Doc. 32)

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010); Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). As shown by his many competent pleadings, including those presently before the Court, this case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. The Court recognizes English is not Plaintiff's first language, (doc. 36), but finds that his filings and communications with the Court demonstrate an understanding proficient to proceed without appointment of counsel. For these reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

### III. Plaintiff's Motion for Preliminary Injunction for Law Library Access Time (Doc. 38)

In his Motion for a Preliminary Injunction, Plaintiff requests that the Court order prison officials to grant him the legal research time he had prior to September 29, 2017, which was three days each week. (Doc. 38, p. 2.) Plaintiff submits he has had this level of access for three years and provides supporting documentation showing the truth of this claim. (Id.; Doc. 38-1,

pp. 6–9.)  Plaintiff argues his access was revoked to harm his lawsuit and done so in violation of his Constitutional rights.  (Doc. 38, pp. 2–3.)

To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).  Similarly, a plaintiff requesting a permanent injunction must satisfy the following four-factor test:

> (1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  Thus, "[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success."  Siegel v. LePore, 234 F.3d 1163, 1213 (11th Cir. 2000) (Carnes, J., dissenting).[2]  In either case, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites."  Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation."

---

[2] A permanent injunction requires a showing of actual success on the merits, and the Court has not yet issued a ruling on this case.  However, the Court construes Plaintiff's Motion more liberally as a Motion for Preliminary Injunction and will apply the lesser "substantial likelihood of ultimate success on the merits" standard.

Newman v. State of Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

In his request for injunctive relief, Plaintiff asserts separate denial of legal access and retaliation claims. Because those claims are not before the Court based on any of Plaintiff's previous filings, the Court obviously cannot grant Plaintiff injunctive relief on those claims.[3] Moreover, at this point, Plaintiff has not established a substantial likelihood of ultimate success on the merits of his excessive force claims. Further, based on the course of proceedings, it does not appear that Plaintiff has suffered any irreparable injury stemming from him not having access to the prison's law library because he has been able to oppose Defendant's Motion for Summary Judgment and file other pleadings with the Court. For these reasons, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for a Permanent Injunction.

However, in an abundance of caution, the Court **DIRECTS** counsel for Defendant to contact the administration at Coffee Correctional Facility within **five days of the date of this**

---

[3] To the extent Plaintiff sets forth claims constitutional claims for retaliation and denial of legal access against Coffee Correctional officials, he can file those claims in a separate cause of action.

**Order** to ensure that Plaintiff is receiving the access to legal materials and authorities that the Department of Corrections' operating procedures require an inmate such as Plaintiff receive. Defendant is reminded that "the fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The Court offers no opinion as to whether Plaintiff has received inadequate access to legal materials to date or whether Plaintiff has suffered a constitutional violation as a result of these allegations. Nonetheless, the Court directs counsel to take this precautionary measure to ensure that Plaintiff has an opportunity to fairly litigate this action.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motions to Compel Discovery and to Appoint Counsel. (Docs. 31, 32.) Further, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction for Law Library Access Time. (Doc. 38.)

The Court **ORDERS** any party seeking to object to that Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA